Hill, P. J.
(concurring). The language of the statute (Agriculture and Markets Law, § 258-c) does not limit its scope, as contended by petitioner, to benefits to be obtained for producers of milk. The clause concerning destructive competition, “in a market already adequately served ” seems to apply to the ultimate purchasers of milk for domestic consumption, and *396 contemplates an oversnpply that would be injurious to the vendors rather than the producers. The requirement that the license should not be granted unless “ in the public interest ” is broad and inclusive. In Wolff Co. v. Industrial Court (262 U. S. 522, 543) consideration was given to “ The small extent of the injury ” because of the limited amount of business done by the packing company. Here 150 cans of milk is a relatively inconsequential amount. In People v. Nebbia (262 N. Y. 259, affd., sub nom. Nebbia v. New York, 291 U. S. 502) it was determined that the production of milk was a business which might be regulated in the public interest and for the public welfare. That case dealt with the fixing of prices. The matter of public health as affected by an inadequate supply of milk was considered in State v. Auclair (110 Vt. 147). Were we to adopt the Vermont authority, the claimed possible shortage in “ local markets such as Troy ” may furnish a ground for the denial.
Heffebnan, Beewstee, Foster and Lawbence, JJ., concur in memorandum by the court; Hill, P. J., concurs, in a separate memorandum.
Determination confirmed, with $50 costs and .disbursements.